## CIRCUIT COURT OF HENRICO COUNTY

Toby D. Bryant
and Regina C. Bryant

v.

Winnebago Industries, Inc., et al.

March 31, 1989

Case No. 86L46

By JUDGE JAMES E. KULP

This matter is before the Court on the Demurrer of Winnebago Industries, Inc. (Winnebago) to the cross-claim of Chase Manhattan Bank, N.A. (Chase). The Court having heard argument and studied the memoranda now renders this opinion.

The Bryants purchased a Winnebago camper from McGeorge Camping Center, Inc., in December, 1984, and financed the purchase through Chase. After experiencing numerous problems with the camper, the Bryants notified McGeorge that they were revoking the acceptance and returned the camper to McGeorge. Chase repossessed the camper and sold it at auction.

The Bryants initiated this action against Winnebago, McGeorge, and Chase for breach of warranty under the Uniform Commercial Code and the Magnuson-Moss Warranty Act. Chase, in addition to filing a grounds of defense against the Bryants' claim, also filed a cross-claim against Winnebago and McGeorge. The parties apparently settled their differences with the Bryants, and they have been dismissed as parties. This leaves the cross-claim of Chase still pending

before the Court which is the subject to Winnebago's demurrer.

Winnebago asserts that Chase cannot proceed under its warranty claims set out in Counts I and III of the cross-claim since Chase is not a buyer under § 8.2-714 of the Code of Virginia nor a person covered under the Magnuson-Moss Act.

Chase counters these arguments by pointing to Section 8.2-318, which provides in part, that "[l]ack of privity . . . shall be no defense in any action brought against the manufacturer or seller of goods to recover damages for breach of warranty . . . although the plaintiff did not purchase the goods from the defendant, if the plaintiff was a person whom the manufacturers or seller might reasonably have expected to use, consume, or be affected by the goods." Chase maintains that the manufacturer or seller would reasonably expect the financing bank to be affected by a breach of warranty when the vehicle was so defective that the buyers revoked acceptance.

Chase also argues that it is entitled to proceed under the Magnuson-Moss Act since the term "consumer" is defined to include any person to whom a consumer product is transferred during the duration of a warranty. *See* 15 U.S.C. § 2301(3).

Because of the manner by which the Court resolves the issue before it, the Court will assume without deciding that Chase has the right to pursue the warranty claims under both the Uniform Commercial Code and the Magnuson-Moss Warranty Act.

Accepting the case in the light most favorable for Chase, it is clear that Chase can have no greater rights under the warranty in this case than the Bryants had. This is so because Chase is merely standing in the shoes of the original purchasers. The warranty from Winnebago provided for repair or replacement and specifically excluded consequential damages.

Limitation of remedies is specifically allowable under § 8.2-719, and if the remedy is expressly agreed to be exclusive, it is then the sole remedy. Section 8.2-719(1)(b).

Chase asserts, however, that where the circumstances cause an exclusive remedy to fail of its essential purpose, then remedy may be had as provided in the U.C.C. Section

436

8.2-719(2). In this Court's view, this provision has no applicability to the facts of this case.

The remedy provided for in the warranty from Winnebago did not fail of its essential purpose since the Bryants followed the remedy of revocation and returned the camper to McGeorge. Chase finds itself in its present position due to affirmative action it took, not because Winnebago refused to honor its warranty. Chase cannot by its unilateral action change the terms of the warranty.

For similar reasons, this Court finds that Chase stands in no better position under the Magnuson-Moss Warranty Act. Pursuant to 15 U.S.C. § 2304, a warranty to meet Federal minimum standards must provide for correcting any defect or malfunction or a refund or replacement. These are the terms of the Winnebago warranty. Again Chase has no authority to alter the terms of the warranty.

The Court finds Chase's reliance upon 15 U.S.C. Sect. 2310(d) to be misplaced. This section allows a consumer to bring suit where a warrantor fails to comply with obligation under a written warranty. Such is not the case here. It is only because of the affirmative action taken by Chase that Winnebago cannot comply with the warranty agreement to either repair or replace the camper.

For these reasons the Court sustains Winnebago's demurrer to Counts I and III of the Chase cross-claim.